## JAMES F. PONDER v. JAMES P. WEBB, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—335.]

**Waiver of Exemption.**

> A debtor may protect his surety in a replevin bond by surrendering to the sheriff property exempt from execution, and after the sheriff has accepted such property to be sold in satisfaction of the debt, it is then too late for such debtor to object to such property being sold.

### APPEAL FROM GRANT CIRCUIT COURT.

October 13, 1880.

OPINION BY JUDGE PRYOR:

In this case there is no list of evidence, and it may be that the appellant surrendered his property in writing; nor are we inclined to conclude that this was necessary. The property was exempt from execution, as we shall infer, but the debtor desirous of protecting his surety in the replevin bond told the sheriff that he would surrender to him this particular property, and to make no levy on that belonging to the surety. If under this arrangement the sheriff failed to levy on the property of the surety, and accepted the exempted property to be sold in satisfaction of the debt, it is too late after its surrender, although the property was left with the debtor, for the latter to object for the first time on the day of sale to its being sold in accordance with the agreement. It is bad faith towards the sheriff, and would subject him to an action by the creditor for failing to make his money, in the event it should be held that no sale should have been made of appellee's property. The jury by a special finding say that the surrender was made, and the debtor, as the record is now presented, must abide the judgment. Besides, it is not alleged in the petition that the property levied on was exempt from execution. It is alleged that the property was levied on by the sheriff, and that the latter knew when he made the levy that it was exempt from execution, and again that when he seized the property he well knew it was exempt from execution.

As the case comes here only on the pleadings and special findings of the jury, we must hold the petition defective, as it is nowhere stated that the property levied on was not subject to the levy and sale made. The appellees' knowledge may be limited on such a subject, and the appellant, or the complaining party, is the one that

must know that the property was exempt, and that fact must be distinctly stated, and not arrived at by way of inference or the knowledge the adverse party may be presumed to have in reference to the alleged wrong.

Judgment *affirmed.*

*W. N. Hogan,* for appellant.   *A. G. DeJaneatte,* for appellees.